UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
DWIGHT E. MILLER                 )
                                 )    Bankruptcy No. 07-00581
     Debtor.                     )


                **ORDER RE: REAFFIRMATION AGREEMENT**

     Hearing was held on August 14, 2007.  Debtor appeared with
Attorney Henry Nathanson.  U.S. Trustee was represented by
Attorney John Schmillen.  Debtor filed a Reaffirmation Agreement
with Harley-Davidson Credit to reaffirm $24,302.71 at 15.01%
interest with monthly payments of $488.29, secured by a 2007
Harley Davidson motorcycle.  The reasonableness of this
Reaffirmation is the subject of this hearing.

     Debtor filed his bankruptcy petition on April 10, 2007.
Schedules I and J show he has a monthly deficit of $850.82.  A
change of address filed May 30, 2007 shows that Debtor moved from
Cedar Rapids to Vinton, Iowa.  Debtor now resides at 214 W. 8th
Street in Vinton, Iowa.  The Reaffirmation Agreement includes a
statement by Debtor regarding changes in living arrangements,
monthly expenses, and income which allow Debtor to afford the
payments on the motorcycle.

     Debtor wishes to retain his Harley motorcycle which is less
than a year old.  He asserts that the motorcycle is economical
and reliable transportation for him and it will hold its resale
value better than his older vehicles, which he has now or will
soon turn over to secured creditors.  Debtor notes that it is
normal to have this type of vehicle expense.  Schedule D shows
Debtor values the 2007 Harley Electra Glide at $18,000.  Debtor
purchased the Harley in December 2006 for approximately $25,270,
including taxes and fees.  At the hearing, he acknowledged that
he will be unable to use the motorcycle in the wintertime, and
that he currently has to borrow one of his roommate's cars to get
to work when it rains.

     At the time of the filing of Debtor's Chapter 7 petition, he
was the owner of a 1993 GMC pickup.  In his schedules, Debtor
states that this pickup is free of any incumbrances with the
exception of a $600 loan to Loan Max (Anderson Financial Services
LLC).  It appears that this is some type of payday loan.  At the
hearing, Debtor indicated that he will soon turnover the pickup
to this secured creditor.  Debtor's petition also lists ownership

of a 1988 Ford Ranger.  It appears that this vehicle is unencumbered.  Debtor claimed this vehicle exempt in his schedules.  At the time of hearing, Debtor stated that ownership of this vehicle is in both his name and his father's name.  He testified that it is in the possession of his father.  While somewhat unclear in the record, Debtor also owned a 1999 Chevrolet Astro at about the time of filing of his petition.  Debtor testified that he purchased this vehicle in 2004 and made payments of approximately $471 per month.  He testified that he forfeited this vehicle to the secured creditor in mid-July of 2007.  He further testified that the Chevrolet Astro was cross-collateralized with business debts and, therefore, he was unable to keep this automobile.

Bankruptcy courts have an independent obligation to review reaffirmation agreements, even where they are accompanied by an attorney declaration under § 524(c)(3).  In re Melendez, 224 B.R. 252, 260 (Bankr. D. Mass. 1998).  Finding no reasonable basis for reaffirming is grounds to disapprove a reaffirmation agreement.  In re Vargas, 257 B.R. 157, 166 (Bankr. D.N.H. 2001).  The appropriate financial inquiry ascertains whether the debtors' expenses exceed their income and whether the reaffirmed debt is secured by a necessary item.  Id. at 165.

While true that most debtors have vehicle payments and other transportation expenses, in light of Debtor's situation the Court concludes that this motorcycle is a luxury and not a necessity.  Debtor is correct that a motorcycle is economical to operate.  However, Debtor cannot use the motorcycle for reliable transportation for a significant part of the year during rain or cold weather.  Second, Debtor is seeking to reaffirm a debt in which the debt exceeds the value of the collateral.  Third, the debt is encumbered at an interest rate of 15.01% which appears substantially higher than normal interest rates on vehicle loans.  Finally, Debtor claimed the 1988 Ford Ranger as his exempt vehicle.

It is the conclusion of this Court that Debtor has options for transportation other than this motorcycle.  Debtor is the owner of a 1988 Ford Ranger which he has declared as exempt.  Additionally, Debtor has a 1993 GMC pickup which has a fairly modest loan against it.  This loan could be satisfied with less than one and a half payments which Debtor is making on the motorcycle.  Also, it appears that Debtor could go into the marketplace and purchase a reliable automobile for substantially less than the amount that Debtor is paying for this motorcycle.  For all of the above reasons, the Court does not believe that it is in Debtor's best interest to allow reaffirmation of this

obligation. As such, the Court declines to approve the reaffirmation agreement.

**WHEREFORE**, approval of the Reaffirmation Agreement between Debtor and Harley-Davidson Credit is DENIED.

**FURTHER**, a copy of this Order shall also be sent to Debtor at his address at 214 W. 8th Street, Vinton, Iowa.

DATED AND ENTERED: AUGUST 20, 2007

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE